DONJON MARINE CO., INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 85-4-00595

(Dated February 4, 1988)

*Robert P. Whelan,* for plaintiff.

*Richard K. Willard;* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office (*Judith M. Barsilay* on the brief) for defendant.

RAO, *Judge:* This civil action is before the Court on defendant's motion to dismiss the complaint for lack of jurisdiction and plaintiff's opposition thereto. It involves the entry, on February 1, 1983, of one "Giant Grab" clam shell bucket, used in ocean salvage work for approximately 3 to 6 months and then returned to its owners in West Germany. Because the lease contract contained an option to purchase, the United States Customs Service (Customs) appraised the merchandise at its full value of $300,000 and assessed it with duty at the rate of 3.8% *ad valorem* pursuant to item 664.08, Tariff Schedules of the United States (TSUS) and estimated duties of $11,400 were collected.

The entry, No. 133570, was liquidated on July 22, 1983 by the Customs Service as "no change." It is plaintiff's claim that the merchandise should have been entered duty free, or at worst, on the basis of the value of the lease contract and not on the value of the merchandise.

On November 3, 1983 Customs at New York assigned a request control number, i.e. 1001-3-202943 to plaintiff's request and by letter dated May 18, 1984 responded to plaintiff's previous letter re-

---

[5]*Id.* at 4.

[6]Complaint, para. 18.

quest, stating that the claim had been reviewed and that Customs had determined that there was "no clerical error, mistake of fact or other inadvertence correctable under sec. 520(c)(1) of the Tariff Act of 1930, as amended. On June 6, 1984 plaintiff filed protest number 1001–4–007328 protesting the "decision dated 5/18/84", and this protest was subsequently denied on October 26, 1984.

Prior to the liquidation of the entry, on February 9, 1983, plaintiff wrote to Customs, "notifying the commissioner that the duty payment of $11,400 [was] remitted under protest." This letter cannot serve as a protest since protests made before liquidation are ineffective.

On September 1, 1983 plaintiff again wrote to Customs requesting that the duty payment remitted under protest be returned and requesting forms for drawback or temporary importation. No response was made to this letter and plaintiff wrote to Customs again on November 3, 1983, attaching copies of its previous letters and the entry documentation. The November 3rd letter was responded to by Customs on May 18, 1984, with a form letter that the claim had been reviewed and that no clerical error, mistake of fact or other inadvertence correctable under Sec. 520(c)(1) had been found. This form letter also informed plaintiff that it had an additional 30 days in which to file a Customs form 19 [formal protest]. Plaintiff subsequently filed Customs Form 19 on June 6, 1984, which, as a protest, was denied on October 26, 1984.

The question before the Court is whether plaintiff filed a valid protest within the ninety day period following liquidation or within a legal time as permitted by Customs. It is the opinion of the Court that the plaintiff did file a valid protest.

Plaintiff corresponded with Customs on September 1 and November 3, 1983. With both letters plaintiff enclosed copies of previous letters and the entry documents. Customs itself treated the letters as a protest and informed plaintiff that it had an additional 30 days from its May 18, 1984 letter in which to execute a customs Form 19. The Customs Manual, § 174.13 sets out the procedure to be followed when the requirements for a protest are not met:

> (b) *Procedure when requirements not met.*
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> (2) *Form.* When preliminary examination determines that a protest was not filed in quadruplicate, but otherwise meets the requirements for a protest, such additional machine copies of the original as are necessary shall be made. When the examination determines that a document may be a protest but was not filed on Customs Form 19 or other proper form, a request that the protest be perfected shall be issued to the party filing the document, together with Customs Form 19. The request shall notify the party filing the document that if he intends his document to be a protest, the protest must be perfected by filing Customs Form 19 in quadruplicate within 30 days, or with the

time remaining for filing a protest, whichever is longer. If the protest is not perfected, no action shall be taken on the document filed.

It is noteworthy that Customs letter to plaintiff ended with the admonition that "[u]nless this instruction is complied with within the [specified] time period, no further action will be taken on *your letter of protest.*" [Emphasis added] The formal protest, denied on October 26, 1984 did not state the reason for denial, but it is evident from examination that it was not denied because it was untimely, since the box relating to an untimely protest was not checked. Nor was plaintiff notified at any time, until the motion to dismiss was filed, that their informal protest was untimely or that the time for filing a formal protest had expired or that a formal protest should have been filed within 90 days following liquidation on July 22, 1983. *Cf. Farrell Lines, Inc.* v. *United States,* 69 CCPA 1, 657 F.2d 1214, C.A.D. 1268, which concerned an action for return of duties paid on ship repairs, but which similarly addressed the issue of whether a timely, informal protest had been filed.

To recapitulate, the following events occurred:

(1) Entry of the merchandise on February 1, 1983

(2) Letter from plaintiff to Customs seeking a refund of the duty as excessive on February 9, 1983

(3) Liquidation of the entry on July 22, 1983

(4) Letter dated September 1, 1983 from plaintiff to Customs protesting the liquidation

(5) Letter of November 3, 1983 from plaintiff to Customs protesting the duties levied and enclosing copies of all other letters and documents

(6) Letter of May 18, 1984 from Customs to plaintiff denying its claim because no § 520 error existed and advising plaintiff to file a Customs Form 19 within 30 days

(7) Customs Form 19 filed by plaintiff on June 3, 1984

(8) Denial of the formal protest by Customs on October 26, 1984

(9) Summons filed on April 24, 1985

It is the opinion of this Court that the September 1, 1983 letter from plaintiff to Customs constituted a letter, or informal, protest, and that it was supplemented by the letter dated November 3, 1983. Customs never advised plaintiff that its protest was untimely or insufficient or that the time for filing a formal protest had expired. *Cf. Farrell Lines, Inc., supra,* at page 4. Here, also, confusion existed on the part of both parties, Plaintiff believed that it had protest on the ground that excessive duty had been levied on the full value of the "Giant Grab" (a substantive issue) and Customs denied the letter of protest on the ground that no § 520 error existed (clerical), even though plaintiff had made no § 520 claim.

In such a situation, particularly where the party seeking relief has relied on Customs officials for guidance, dismissals should be granted sparingly. *Dann* v. *Studebaker-Packard Corp.*, 288 F.2d 201, 215 (6th Cir. 1961). Accordingly, this Court holds that a valid and timely protest was filed herein.

## II

### The Summons

Both the summons and the complaint filed herein allege that the action was brought to contest the denial of "Protest No. 1001–3–202943." This number was the control number assigned by Customs to plaintiff's November 3, 1983 letter and ot its own letter to plaintiff of May 18, 1984, in which it denied plaintiff's claim to a refund. Plaintiff has already filed a first amended complaint dated September 20, 1985 in which it corrects the protest number to conform to the number of the Customs Form 19 that it had filed as the formal protest herein.

Leave to amend pleadings to correct clerical errors should be liberally given when justice so requires, particularly where no prejudice to other parties occurs. Rule 15, Court of International Trade. The summons is sufficient in every other way and the merchandise and entry involved are clearly identified. The summons was filed within 180 days of the denial of the formal protest and it is the judgment of the Court that the summons was timely filed and properly amended to allege the proper protest number. Accordingly, it is hereby

ORDERED, ADJUDGE AND DECREED that defendant's motion to dismiss this action for lack of jurisdiction is denied; it is further

ORDERED, ADJUDGED AND DECREED that plaintiff's amendment to the summons and complaint be permitted, and it is

FURTHER ORDERED, ADJUDGED AND DECREED that defendant shall have 60 days from the date of entry of this order in which to file an answer to the amended complaint.